## MARVIN *against* KEELER.

Where the question on the trial, was, whether the defendant, who had received of the plaintiff a sum of money to carry to the city of *New-York,* and deliver to *S.,* and take his receipt for it, had performed this trust ; the defendant claimed, that he had paid the money to *S.,* and taken his receipt for it, which had been delivered to *B.,* the plaintiff's agent. The plaintiff adduced the testimony of *B.,* that he had frequently called on *H.,* in whose employment the defendant was, for such receipt, but could not obtain it. To prove the payment of the money, and to impeach the testimony of *B.,* by shewing, that the receipt had been delivered to him, the defendant offered the testimony of *H.,* that, soon after the delivery of the money, *B.* called at the store of the witness, and enquired, if he had obtained such receipt ; the witness answered, he had ; and taking a paper from a drawer, he gave it to *B.,* who looked upon it, and then, without any remark, put it into his pocket-book. This testimony the witness introduced, by observing, that he had no knowledge of the receipt in question ; and subjoined, that he had no knowledge of the hand-writing of *S.,* nor of the contents of the paper delivered. Held, that the testimony of *H.* was relevant and admissible.

This was an action of *assumpsit,* alleging, that the defendant, at *Norwalk,* on the 4th of *October,* 1819, received of the plaintiff the sum of 200 dollars, to convey, for the plaintiff, to the city of *New-York,* and there pay the same over, on the plaintiff's account. to *L.* and *C. Suydam ;* but that the defendant neglected to pay the same over to them, and retained the same for

his own use. The cause was tried on the general issue; the plaintiff obtained a verdict; and the defendant moved for a new trial, on the ground that certain evidence offered by him, was improperly rejected.

*Bissell* and *Betts*, in support of the motion.

*Sherman*, contra.

HOSMER, Ch. J. The defendant, the master of a packet, in the employment of *Burrell* and *Hubbell*, received of the plaintiff a sum of money to carry to the city of *New-York*, deliver to *L.* and *C. Suydam*, and obtain their receipt for the same. Whether he performed the trust, thus assumed, was the question for determination. The defendant claimed, that he paid the money to the *Suydams*, and took their receipt therefor; and that it was delivered to one *Byington*, the agent of the plaintiff. The plaintiff adduced *Byington* as a witness, who testified, that he frequently had called on *Burrell* and *Hubbell* for the above receipt, but could never obtain it; and that neither the defendants, nor the said *Burrell* or *Hubbell*, had ever delivered to him any paper purporting to be a receipt. To prove the payment of the money, and to impeach *Byington*, by showing, that the receipt had been delivered to him, the defendant offered *Hubbell* as a witness, who testified, that he had no knowledge of the receipt in question, but that soon after the delivery of the money, *Byington* called at the store of himself and partner, and enquired if they had obtained the above receipt. He answered, they had; and taking a paper from a drawer, he gave it to *Byington*, who looked upon it, and then, without any remark, put it into his pocket-book. *Hubbell* further testified, that he had no knowledge of the hand-writing of the *Suydams*, nor of the contents of the paper delivered. This testimony the court rejected, undoubtedly, on the ground of irrelevancy.

If the evidence of *Hubbell* possessed any weight, even in the minutest degree, it should have been received, and submitted to the consideration of the jury, who are the only legal judges of the force and extent of testimony. *Gibson* & al. v. *Hunter*, 2 H. Black. 187. 205. That the evidence was of *some* weight, is past all question. It is not unreasonable to presume, unless the writing delivered by *Hubbell* were produced, or the nature of it established, that it was the receipt of the *Suydams*, for the money paid to them by the defendant. It is true, *Byington* testified,

that no paper was delivered to him, by *Hubbell* or *Burrell*, purporting to be such receipt. But what was the paper received by him of *Hubbell?* This question demands a direct and satisfactory answer. Another enquiry, of course, suggests itself; and that is, why *Byington*, who had demanded this receipt of the *Suydams*, and in answer to his request, received a paper taken from the draw in the store of *Burrell* and *Hubbell*, and who, *after inspecting it*, put it into his pocket-book, did not return it, if he had not obtained the object of his search. It is presumable he knew the hand-writing of his principal; and that he acted as every reasonable person would act, if the receipt was actually delivered to him, and not as no man of sense or integrity would conduct, if the paper received were not the receipt in question. The act of *Byington*, and his silence after an inspection of the writing, are most expressive; and instead of furnishing no inference, supply evidence of no inconsiderable weight. Clear I am, that the testimony was essential, and ought to have been received.

PETERS, BRAINARD and BRISTOL. Js. were of the same opinion.

New trial to be granted.